IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATHAN THEORTHELI THIGPEN, | ) | |
| #191 396, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-719-WKW |
| | ) | [WO] |
| KAY IVEY, GOVERNOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama. He files this *pro se* 42 U.S.C. § 1983 action alleging a violation of his Eighth Amendment rights regarding enforcement of protocols at Easterling related to the current pandemic. Specifically, Plaintiff complains that: (1) there are insufficient quantities of soap and hand sanitizers in the bathrooms and dorms; (2) quarantined inmates move freely to other parts of the institution because of poor security; (3) prison personnel fail to comply with mask protocol; and (4) social distancing is not enforced because of overcrowding at the facility. Plaintiff brings suit against Governor Kay Ivey, Attorney General for the State of Alabama Steve Marshall, Commissioner Jefferson Dunn, Warden Crow, and Warden McCoy, seeking damages and his release from prison. Doc. 1.

Upon review, the court concludes that dismissal of Defendants Ivey and Marshall prior to service of process is appropriate under 28 U.S.C. § 1915A.

### I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds

1

frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

Plaintiff brings this action alleging Defendants are violating his Eighth Amendment rights by failing to follow health and safety protocols at the Easterling Correctional Facility implemented in response to COVID-19. To the extent Plaintiff attempts to implicate Defendants Ivey and Marshall regarding the specific conditions at Easterling about which he complains through the concept of *respondeat superior*, he is entitled to no relief.

A § 1983 action will not support a claim under a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding doctrine of *respondeat superior* is inapplicable to § 1983 actions). The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible

individuals or actions. *Id*. at 676–777 (holding "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (holding doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) (holding "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.").

Based on this standard, Plaintiff's complaint fails to affirmatively link Defendants Ivey and Marshall to the alleged violation of his constitutional rights regarding the conditions about which he complains at Easterling. To the extent Plaintiff essentially claims that these defendants are liable under § 1983 as, respectively, a Governor and Attorney General, without alleging any fact from which it can be inferred that they knew of or acted deliberately towards Plaintiff's health and safety regarding the challenged matters, is insufficient. Accordingly, Plaintiff's complaint against

Defendants Ivey and Marshall is due to be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants Ivey and Marshall be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

2.  This action with respect to the remaining defendants be referred to the undersigned for further proceedings.

**On or before September 29, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 15th day of September 2020.

　　　　　　　　　　　　　　　　　　/s/  Charles S. Coody
　　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE